■ In the Matter of SAMUEL WINBUSH, Petitioner, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [811 NYS2d 149]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, reported that he fell out of bed and was experiencing chest pain. He told the nurse who responded that he was dehydrated because his water had been turned off. After

examining petitioner, the nurse did not find any symptoms of chest pain or dehydration. As a result, petitioner was charged in a misbehavior report with falsely reporting an emergency. He was found guilty following a tier II disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the nurse who prepared it, provide substantial evidence supporting the determination of guilt (*see Matter of Richardson v Coombe*, 231 AD2d 789, 790 [1996]; *see also Matter of Carrington v Goord*, 20 AD3d 835 [2005]). Contrary to petitioner's claim, the nurse was authorized to prepare the misbehavior report as she had personal knowledge of the incident in question (*see* 7 NYCRR 251-3.1 [b]). Petitioner's remaining claims are either unpreserved for our review or lacking in merit.

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.